**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00215-GPG

MARTHA ANN SHARP,

    Plaintiff,

v.

COLORADO PAROLE BOARD,
MICHAEL ANDERSON,
DAN C.,
BRANDON SHAFFER,
JOHN M. O'DELL,
JOHN W. HICKENLOOPER,
REBECCA OAKES,
JOE MORALES,
ALFREDO PENA, and
TOM WATERS,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff Martha Ann Sharp currently resides in Englewood, Colorado. On February 2, 2015, she submitted a Complaint (ECF No. 1) and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3). On February 3, 2015, as part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court ordered Ms. Sharp to cure certain deficiencies. Specifically, the Court ordered Ms. Sharp to submit a complete § 1915 Application and a complete Complaint, including the sections of statutory jurisdiction and supporting factual allegations for each claim of relief, as well as provide addresses for all defendants. (ECF No. 4). The Court informed Ms. Sharp if she failed to cure the designated deficiencies within the time allowed, her complaint and action would be dismissed. On February 19, 2015, Ms.

Sharp filed the first page of a § 1915 Application and a copy of her SSI notice, but nothing else. (ECF No. 5). On March 5, 2015, the Court issued a Minute Order providing Ms. Sharp with an additional thirty days to submit a complete § 1915 application as well as a complete Complaint, including statutory jurisdiction, supporting allegations, and addresses for all defendants. (ECF No. 6). Ms. Sharp was again notified that if she failed to submit the complete forms in the time allowed, the action would be dismissed without further notice. On March 20, 2015, Ms. Sharp submitted a "Response to Order to Cure Deficiencies," where she submitted evidence of her last pay check. (ECF No. 7). She also submitted a "Motion to Submittel [sic] Request for Indigent Court Councel [sic]" (ECF No. 9), where she requested assistance in completing the fee waiver application and complaint. On April 7, 2015, the Court denied her request for counsel as premature but allowed Plaintiff an additional thirty days to submit a complete Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) and a complete Complaint. (ECF No. 10). Ms. Sharp was informed this was her final opportunity to comply with the Court's orders and if she failed to comply within the time allowed, the action would be dismissed without prejudice without further notice. On April 24, 2015, Ms. Sharp submitted a Title VII Complaint (ECF No. 11), a "Motion to submitte [sic] Fee Waiver and Complaint" (ECF No. 12), and an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 13). On April 27, 2015, the Court noted that it appeared Plaintiff had attempted to comply with the previous court orders but that the documents submitted were still deficient. The Court allowed Ms. Sharp one additional opportunity to submit complete and correct forms to pursue her claims. (ECF No. 14). She was again notified that if she failed to file the complete and correct forms within the time allowed, her

action would be dismissed without prejudice without further notice.

Subsequently, the only response filed with the Court was a "Motion to Submitte [sic] Response" on May 7, 2015, where Ms. Sharp informed the court she received the latest Court Order and that she was "sorry for any inconvenance [sic]." (ECF No. 15). Therefore, Plaintiff has failed to cure the designated deficiencies within the time allowed.  Accordingly, the action will be dismissed without prejudice.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

**ORDERED** that the Complaint and the action are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute.  It is

**FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is DENIED. It is

**FURTHER ORDERED** that Plaintiff's pending motions are DENIED as moot.

DATED at Denver, Colorado, this  5th  day of June, 2015.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court